## Case No. 15,057.

### UNITED STATES v. ERSKINE.

[4 Cranch, C. C. 299.] [1]

Circuit Court, District of Columbia. March Term, 1833.

EVIDENCE—RECORDS—INDICTMENT FOR PERJURY—MOTION IN ARREST OF JUDGMENT—PRACTICE.

1. Upon an indictment for perjury in this court, it is not necessary to produce a copy of the record of this court in the cause in which the perjury was committed. The court is presumed to know its own record. The record exists, although not reduced to writing in full; and the record is what it ought to be when correctly extended from the minutes.

2. It is only necessary to prove so much of the testimony of the witness as relates to the particular fact on which the perjury is assigned. After conviction of perjury, if the defendant move in arrest of judgment, and then forfeit his recognizance, the court will not give its opinion until the defendant appears in person.

[Cited in Hutcherson v. State (Tex. Cr. App.) 24 S. W. 909.]

Indictment [against William Erskine] for perjury committed on the trial of John Ryan, at the last term of this court, by testifying that Evelina Ridgway, a witness in that cause, was a common drunkard.

Mr. Key, U. S. Dist. Atty., offered the record of this court to show that there was such a prosecution against Ryan; and, as evidence of the record, produced the docket entries and minutes of the court.

Mr. Marbury, for defendant, objected that the docket entries and minutes are not the record, and cited Archb. Cr. Law, 318; Reg. v. Carter, 6 Mod. 168. The minutes of another court are not the record. Archb. Cr. Law, 81. The whole record must be given in evidence. 1 Har. Dig. 408; Rex v. Bellamy, 1 Ryan & M. 171; Harrison v. Rowan [Case No. 6,143]; 1 Murph. 156. The style of the court must be truly set forth in the indictment.

THE COURT (THRUSTON, Circuit Judge, absent) overruled the objection, and said that, it being a record of this court, no copy of the record is necessary to be produced. The court itself needs not to be judicially informed of its record; it is presumed to know its own record, and the minutes and docket entries are mere memoranda to refresh the recollection of the court and the clerk, and by which he is to make up the roll. The record exists, although not reduced to writing in full; and the record is what it ought

to be, when correctly extended from the minutes. See Burk's Ex'rs v. Tregg's Ex'rs, 2 Wash. (Va.) 215.

Mr. Marbury contended that it was incumbent on the United States to prove all that the witness testified on that trial, and cited Rex v. Jones, Peake, 38, and Rex v. Dowlin, Id. 171.

THE COURT, however, said (nem. con.) that the law was correctly laid down by Starkie on Evidence (part 4, p. 1142), who says: "It seems, therefore, that, at most, the rule amounts to this, that all the evidence given by the defendant in reference to the particular fact on which perjury is assigned, ought to be proved. And the rule, even to this effect, appears to be a doubtful one; for, when it has once been proved that particular facts, positively and deliberately sworn to by the defendant in any part of his evidence, were falsely sworn to, it seems, in principle, to be incumbent on him to prove, if he can, that, in other parts of the testimony, he explained or qualified that to which he had so sworn."

Verdict, guilty.

Mr. Marbury, for defendant, moved in arrest of judgment, and the motion was argued by him and Mr. Key; but the defendant forfeited his recognizance, and the court refused to give any opinion upon the motion, unless the defendant should be present.